1  RUSSELL I. MIYAHIRA, ESQ. SBN 122808
   ALISON STEVENS SBN. 192115
2  HAWTHORNE CITY ATTORNEY'S OFFICE
   4455 W. 126TH STREET
3  HAWTHORNE, CALIFORNIA 90250
   TEL: (310) 349-2960
4  FAX: (310) 978-9861

5  Attorneys for Defendants, CITY OF HAWTHORNE, JEFFREY TYSL
6  (erroneously sued as "Officer Tayo), MICHAEL MATSON (erroneously sued as
7  Officer Mattson)

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  LIONEL GLOVER,                    )  FEDERAL CASE NO.:
12                                    )     CV14-2451 SVW Ex
              PLAINTIFF,              )
13                                    )  STATE CASE NO.  BC535903
        vs.                          )
14                                   )  CERTIFICATE OF SERVICE OF
15                                   )  NOTICE TO ADVERSE PARTY OF
    CITY OF HAWTHORNE,               )  REMOVAL TO FEDERAL COURT
16  OFFICER TAYO, OFFICER            )
17  MATTSON, Does 1- 50              )
18            DEFENDANTS             )

19

20      I, Heather Tomita, certify and declare as follows:

21      I am over the age of eighteen and not a party to this action.

22      My business address is 4455 W. 126th Street, Hawthorne, California

23  90250, which is located in the city, county and state where the mailing described

24  below took place.

25      On April 2, 2014, I deposited in the United States Mail at Hawthorne,

26  California, a copy of the Notice to Adverse Party of Removal to Federal Court

27  dated April 1, 2014, a copy of which is attached to this Certificate.

28      I declare under penalty of perjury that the foregoing is true and correct.

1  Executed this 3$^{d}$ day of April, 2014, under the laws of the United States at
2  Hawthorne, California.

3

4

5                            BY: _____

6                                 Heather Tomita, Declarant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 4455 W. 126th Street, Hawthorne, California 90250.  On April 3, 2014, I served the foregoing document described CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Michael S. Braun, Esq.                            (310) 984-3220
Law Office of Michael S. Braun
3820 Del Amo Blvd., Suite 311
Torrance, CA 90503

   X    BY MAIL:  I served the documents by enclosing them in an envelope and placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice of collection and processing of correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

        BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the office of the addressee(s).

        BY FACSIMILE TRANSMISSION:  The facsimile machine I used complied with California Rules of Court 2.301 and no error was reported by the machine.  Pursuant to rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

        BY OVERNIGHT DELIVERY:  I caused the above-referenced document(s) to be delivered via overnight delivery, for delivery to the above address(es).

   X    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 3, 2014, at Hawthorne, California.

_____
HEATHER TOMITA

1  RUSSELL I. MIYAHIRA, ESQ. SBN 122808
2  ALISON STEVENS SBN: 192115
   HAWTHORNE CITY ATTORNEY'S OFFICE
3  4455 W. 126TH STREET
   HAWTHORNE, CALIFORNIA 90250
   TEL: (310) 349-2960
4  FAX: (310) 978-9861

5  Attorneys for Defendants, CITY OF HAWTHORNE,  JEFFREY TYSL
6  (erroneously sued as "Officer Tayo), MICHAEL MATSON (erroneously sued as
7  Officer Mattson)

8              SUPERIOR COURT OF CALIFORNIA

9         COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  **LIONEL GLOVER,**                  ) FEDERAL CASE NO.:
12                                       )     CV14-2451 SVW Ex
              PLAINTIFF,                 )
13                                       )
        vs.                              ) **STATE CASE NO.  BC535903**
14                                       )
                                         )
15                                       )
    **CITY OF HAWTHORNE,**               ) NOTICE TO ADVERSE PARTY OF
16  **OFFICER TAYO, OFFICER**            )
17  **MATTSON, Does 1- 50**             ) REMOVAL TO FEDERAL COURT
                                         )
18            DEFENDANTS                 )

19

20       TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

21

22       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was

23  filed in the United States District Court for the Central District of California, on

24  April 1, 2014.

25  ////

26  ////

27  ////

28

_____
NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT – CV14-2451 SVW-Ex
- 1 -

1    A copy of the Notice of Removal is attached to this Notice, and is served

2    and filed herewith.

3

4    Dated:  April   2, 2014             RUSSELL I. MIYAHIRA
5                                        CITY ATTORNEY

6

7                              BY:  _____
8                                   Alison Stevens
9                                   Assistant City Attorney
                                    Attorneys for Defendants, City of
10                                  Hawthorne, Christopher Hoffman,
11                                  Michael Matson, and Jeffrey Salmon

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                                              ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 4455 W. 126th Street, Hawthorne, California 90250.  On April 2, 2014, I served the foregoing document described as NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT REMOVAL on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Michael S. Braun, Esq.                                    (310) 984-3220
Law Office of Michael S. Braun
3820 Del Amo Blvd., Suite 311
Torrance, CA 90503

  X   BY MAIL:  I served the documents by enclosing them in an envelope and placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice of collection and processing of correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

       BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the office of the addressee(s).

       BY FACSIMILE TRANSMISSION:  The facsimile machine I used complied with California Rules of Court 2.301 and no error was reported by the machine.  Pursuant to rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

       BY OVERNIGHT DELIVERY:  I caused the above-referenced document(s) to be delivered via overnight delivery, for delivery to the above address(es).

  X   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 2, 2014, at Hawthorne, California.

HEATHER TOMITA

RUSSELL I. MIYAHIRA, ESQ. SBN 122808
ALISON STEVENS SBN. 192115
HAWTHORNE CITY ATTORNEY'S OFFICE
4455 W. 126TH STREET
HAWTHORNE, CALIFORNIA 90250
TEL: (310) 349-2960
FAX:  (310) 978-9861
astevens@cityofhawthorne.org

Attorneys for Defendants, CITY OF HAWTHORNE, JEFFREY TYSL
(erroneously sued as "Officer Tayo"), MICHAEL MATSON (erroneously sued
as "Officer Mattson")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL GLOVER, | FEDERAL CASE NO. |
| | CV14-2451 SVW-E |
| PLAINTIFF, | STATE COURT CASE NO.  BC535903 |
| vs. | |
| CITY OF HAWTHORNE, | NOTICE OF REMOVAL OF ACTION |
| OFFICER MATTSON, | UNDER 28 U.S.C. §1441(a) |
| OFFICER TAYO, DOES 1 to 50, | (Federal Question) |
| DEFENDANTS. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446,  Defendants, City of
Hawthorne, Michael Matson and Jeffrey Tysl file this Notice of Removal of this
case from the Superior Court of California, County of Los Angeles, to the United
States District Court, Central District of California.  In support of this Notice of

Removal, Defendants state as follows:

1.     On or about February 11, 2014 Plaintiff, Lionel Glover, commenced an action in the Superior Court of California, County of Los Angeles – Central District, against Defendants, the City of Hawthorne, and Hawthorne Police Officers Michael Matson (erroneously sued as "Officer Mattson"), and Jeffrey Tysl (erroneously sued as "Officer Tayo").  Plaintiff's Complaint ("Complaint") seeks judgment against Defendants for injuries that Plaintiff allegedly suffered as a result of his arrest for violation of Penal Code §§ 211 (robbery), 242 (battery), and 647(B), prostitution on March 5, 2013.  Plaintiff asserts federal causes of action for alleged constitutional civil rights violations pursuant to 42 USC §1983 based on claims of unlawful arrest,  excessive use of force by Hawthorne police officers, and failure to summon medical aid.  Plaintiff specifically alleges that the officers were acting under color of state law, and in violation of his civil rights under both federal law and state law.  Plaintiff also alleges that Defendants' conduct was undertaken pursuant to customs, practices, and policies of Defendants, such as to invoke a *Monell* claim.  *Monell* holds that "[l]ocal governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Department of Social Services of City of New York* (1978) 436 U.S. 658, 690.

2.     Defendants, and each of them, were served with the summons and complaint on March 13, 2014.  No answer has been filed in the state court action.  Therefore, Defendants' Notice of Removal is timely. See 28 U.S.C. § 1446(b).

3.     A copy of all process, pleadings and orders served upon Defendants in the state court action are attached hereto as Exhibit "A."

4.     28 U.S.C. § 1441(a) provides in pertinent part:  "Except as

1  otherwise expressly provided by Act of Congress, any civil action brought in a
2  State court of which the district courts of the United States have original
3  jurisdiction, may be removed by the plaintiff or the defendants, to the district
4  court of the United States for the district and division embracing the place where
5  such action is pending."

6       5.     Title 28 Part IV Chapter 85 § 1331 -  Federal question - provides:
7  "The district courts shall have original jurisdiction of all civil actions arising
8  under the Constitution, laws, or treaties of the United States."

9       6.     This action is a civil action of which this Court has original
10  jurisdiction pursuant to 42 U.S.C. §1331 and pendent or supplemental
11  jurisdiction pursuant to 28 U.S.C. §1367.  28 U.S.C. §1367 provides in pertinent
12  part:

13       "(a) Except as provided in subsections (b) and (c) or as expressly provided
14  otherwise by Federal statute, in any civil action of which the district courts have
15  original jurisdiction, the district courts shall have supplemental jurisdiction over
16  all other claims that are so related to claims in the action within such original
17  jurisdiction that they form part of the same case or controversy under Article III
18  of the United States Constitution. Such supplemental jurisdiction shall include
19  claims that involve the joinder or intervention of additional parties."

20       7.     This Court has jurisdiction over this matter pursuant to 42 U.S.C.
21  §1983 as Plaintiff's complaint alleges Defendants violated his civil rights
22  guaranteed under the United States Constitution, including alleged violations of
23  the Fourth and Fourteenth Amendments to the United States Constitution, as
24  well as a civil rights claim of pattern and practice (*Monell*).  (Complaint, page 8.)
25  The alleged constitutional violations occurred on March 5, 2013, when Plaintiff
26  was arrested for engaging in prostitution, and battery upon a female.  Plaintiff
27  alleges that he was falsely arrested and imprisoned, and was subjected to
28  excessive use of force during his arrest. Plaintiff's causes of action for the

1  intentional torts of assault, battery and false imprisonment all arise from the

2  same occurrence and controversy as the federal claims.  The only "enabling"

3  statute cited by Plaintiff in his complaint is 42 U.S.C. §1983.   Therefore, this

4  Court has supplemental and/or pendent jurisdiction over Plaintiff's

5  state/common law claims.

6       8.    Venue is proper in this Court because the State Court Action is

7  pending in the County of Los Angeles, State of California.  See 28 U.S.C. §

8  1441(a).

9       9.    A Notice to Adverse Party of Filing of Notice of Removal to

10  Federal Court will be filed in the Superior Court of California, County of Los

11  Angeles, as soon as this Notice of Removal has been filed in this Court.

12       Wherefore, Defendants, CITY OF HAWTHORNE, JEFFREY TYSL, and

13  MICHAEL MATSON request that the action now pending before the Superior

14  Court of California, County of Los Angeles, and Civil Action No. BC535903, be

15  removed to this Court.

16

17  Dated:  April 1, 2014          RUSSELL I. MIYAHIRA
                       CITY ATTORNEY

18

19

20                BY:  *Russell Miyahira for.*

21                   Alison Stevens

21                   Assistant City Attorney

22                   Attorneys for Defendants, CITY OF
                 HAWTHORNE, JEFFREY TYSL

23                   (erroneously sued as "Officer Tayo"),

24                   MICHAEL MATSON (erroneously sued
                 as "Officer Mattson")

25

26

27

28

---

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                                ) ss.
                                )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 4455 W. 126th Street, Hawthorne, California 90250.  On April 1, 2014, I served the foregoing document described as **NOTICE OF REMOVAL** on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Michael S. Braun, Esq.
Law Office of Michael S. Braun
3820 Del Amo Blvd., Suite 311
Torrance, CA 90503
(310) 984-3220

  X   BY MAIL: I served the documents by enclosing them in an envelope and placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice of collection and processing of correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

\_\_\_\_\_BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the office of the addressee(s).

\_\_\_\_\_BY FACSIMILE TRANSMISSION:  The facsimile machine I used complied with California Rules of Court 2.301 and no error was reported by the machine.  Pursuant to rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

\_\_\_\_\_BY OVERNIGHT DELIVERY:  I caused the above-referenced document(s) to be delivered via overnight delivery, for delivery to the above address(es).

\_\_\_\_\_(State)  I declare under the penalty of perjury, under the laws of the State of California, that the above is true and correct.

  X\_\_\_\_(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 1, 2014, at Hawthorne, California.

                                    _____
                                      HEATHER TOMITA

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* City of Hawthorne, Officer Tayo, Officer Mattson, and Does 1 to 50, inclusive | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Lionel Glover

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 1 1 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES Central District- Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* **BC 535903** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael S. Braun, Esq.   (Bar # 152461)
Law Office of Michael S. Braun, 3820 Del Amo Blvd., #311, Torrance, CA 90503

Fax No.:
Phone No.: (310) 984-3220

DATE: *(Fecha)*   SHERRI R. CARTER   Clerk, by *(Secretario)*   CRISTINA GRIJALVA   , Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

FEB 1 1 2014

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Michael S. Braun, Esq.  (State Bar # 152461)
Law Office of Michael S. Braun
3820 Del Amo Blvd., #311
Torrance, CA 90503

TELEPHONE NO: (310) 984-3220    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles  90012
BRANCH NAME: Central District- Stanley Mosk Courthouse

PLAINTIFF: Lionel Glover

DEFENDANT: City of Hawthorne, Officer Tayo, Officer Mattson, and

[X] DOES 1 TO    50    , inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ]  AMENDED (Number):
**Type (check all that apply):**
[ ] MOTOR VEHICLE  [X] OTHER (specify): False Imprisonment, and Violation of Civil
[ ] Property Damage  [ ] Wrongful Death
[X] Personal Injury  [ ] Other Damages (specify):

**Jurisdiction (check all that apply):**
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded  [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
BC 5 3 5 9 0 3

*(For court use only stamp, right side:)* CITY CLERK HAWTHORNE, C. 14 MAR 13 AM 11:41

1. **Plaintiff** (name or names): Lionel Glover
   alleges causes of action against **defendant** (name or names): City of Hawthorne, Officer Tayo, Officer Mattson and
   Does 1 to 50, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Glover v. City of Hawthorne | |

4. ☐ **Plaintiff** (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant (name): City of Hawthorne
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☒ an unincorporated entity (describe):
          municipality
      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): _____1-50_____ were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): _____1-50_____ are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☒ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Glover v. City of Hawthorne | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☒ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):*
   
   False Arrest and Imprisonment, Violation of Civil Code section 43 and Violation of Civil Rights 1983

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify):*
   
   Exemplary Damages and Attorney Fees

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
       (2) ☒ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: January 24, 2014

Michael S. Braun, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____ *(signature)*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Glover v. City of Hawthorne | |

_____FIRST_____     **CAUSE OF ACTION—Intentional Tort**     Page ____4____
(number)                                          Assault

ATTACHMENT TO  [X] Complaint     [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  Lionel Glover

alleges that defendant *(name)*:

City of Hawthorne, Officer Tayo, Officer Mattson and

[X] Does ____1____ to ____50____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff
on *(date)*: March 5, 2013
at *(place)*: Southbound Eucalyptus Ave,
        Hawthorne, CA
*(description of reasons for liability)*:
Defendant City ofHawthorne is, and at all times herein mentioned was, a municipal corporation, duly organized under the laws of the State of
California and situated in the County of Los Angeles

Defendant Officer Tayo is an individual, who at all times herein mentioned was an employee of defendant City of Hawthorne as a police officer,
and in doing the acts hereinafter described, acted within the course and scope of his  employment.

Defendant Officer Mattson is an individual, who at all times herein mentioned was an employee of defendant City of Hawthorne as a police
officer, and in doing the acts hereinafter described, acted within the course and scope of his  employment.

Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants sued under fictitious names was the
agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of
this agency and employment.

On or about March 5, 2013, plaintiff was attempting to attend to woman he saw that appeared to be in distress.  At some point during the
encounter with the woman, the woman drew a knife and Plaintiff and attempted to rob him.  As this was occurring, Defendants, and each of them
approached plaintiff and stated that plaintiff was under arrest for prostitution.

The incidents and actions described in the subject complaint occurred at the above described location as well as the Hawthorne Police station

Plaintiff protested his innocence of the charge, but otherwise did not attempt to flee or physically resist arrest in any manner whatsoever.

Despite plaintiff's willingness to submit to arrest, Defendants, and each of them struck plaintiff repeatedly before finally handcuffing Plaintiff and
ordering him to enter a police car.

In doing the acts as alleged above, defendant intended to cause or to place plaintiff in apprehension of a harmful or an offensive contact with
plaintiff's person.

As a result of defendant's acts as alleged above, plaintiff, in fact, was placed in great apprehension of  a harmful or an offensive contact with
plaintiff's person.

As a proximate result of the acts of defendant as alleged in the first and second causes of action, plaintiff was hurt and injured in his health,
strength, and activity, and person, all of which have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and
suffering. As a result of these injuries, plaintiff has suffered general damages.

As a further proximate result of the acts of defendant, plaintiff has incurred, and will continue to incur, medical and related expenses. The full
amount of these expenses is not known to plaintiff at this time

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Glover v. City of Hawthorne | |

__THIRD__      **CAUSE OF ACTION—Intentional Tort**      Page ____6____
(number)                                   False Arrest and Imprisonment

ATTACHMENT TO   [X] Complaint      [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  Lionel Glover

alleges that defendant *(name)*:
City of Hawthorne, Officer Tayo, Officer Mattson and

[X] Does _____1_____ to _____50_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: March 5, 2013
at *(place)*: Southbound Eucalyptus Ave,
            Hawthorne, CA
*(description of reasons for liability)*:
Plaintiff incorporates the allegations of the first and second causes of action, as though fully set forth herein.

Plaintiff was arrested and detained maliciously and without warrant or order of commitment or any other legal authority of any kind, when Plaintiff had not committed any crime or public offense. Defendants accused Plaintiff of prostituion, but in fact the offense had not occurred, nor did Defendants have probable cause to believe that it had occurred or that Plaintiff had committed it.

Defendant's and each of them delivered Plaintiff to the station in Hawthorne, CA where Plaintiff was imprisoned for a significant period of time until Plaintiff finally secured his release.

The acts of Defendants, and each of them, as herein alleged, were willful, wanton, and malicious, and oppressive, and justify the awarding of punitive damages as to Officer Tayo, Officer Mattson and/or Does 1 to 50.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Glover v. City of Hawthorne | |

SECOND     **CAUSE OF ACTION—Intentional Tort**     Page     5
_(number)_                                    Battery

ATTACHMENT TO  ☐ Complaint   ☐ Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

IT-1. Plaintiff _(name)_: Lionel Glover

    alleges that defendant _(name)_:
        City of Hawthorne, Officer Tayo, Officer Mattson and

        ☒ Does   1   to   50

    was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
    caused the damage to plaintiff
    on _(date)_: March 5, 2013
    at _(place)_: Southbound Eucalyptus Ave,
             Hawthorne, CA
    _(description of reasons for liability)_:
Plaintiff incorporates the allegations of the first cause of action, as though fully set forth herein.

Defendants, and each of them,  did contact Plaintiff several times in effecting their wrongful arrest.
Defendants' handcuffed Plaintiff too tightly, and roughly placed him in the vehicle after handcuffing him.
Further, Defendants, and each of them repeatedly struck Plaintiff, including throwing him to the floor while
he was in their custody.

In doing the acts as alleged in the first cause of action, defendants acted with the intent to make a contact
with plaintiff's person.

At no time did plaintiff consent to any of the acts of defendants alleged in the first and second causes of
action, above.

As a proximate result of the acts of defendants as alleged in the first and second causes of action, plaintiff
suffered significant physical injuries.

As a proximate result of the acts of defendants as alleged in the first and second causes of action, plaintiff
was hurt and injured in his health, strength, and activity, and person, all of which have caused, and continue
to cause, plaintiff great pain and suffering. As a result of these injuries, plaintiff has suffered general
damages.

As a further proximate result of the acts of defendants, plaintiff has incurred, and will continue to incur,
medical and related expenses. The full amount of these expenses is not known to plaintiff at this time.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]        **CAUSE OF ACTION–Intentional Tort**        Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

_LexisNexis® Automated California Judicial Council Forms_

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Glover v. City of Hawthorne | |

____FOURTH____   **CAUSE OF ACTION—Intentional Tort**   Page ____7____
(number)                                                    Violation of Civil Rights (Civ. Code. 43)

ATTACHMENT TO   [ X ] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Lionel Glover

alleges that defendant *(name):*
City of Hawthorne, Officer Tayo, Officer Mattson, and

[ X ] Does ____1____ to ____50____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):* March 5, 2013
at *(place):* Southbound Eucalyptus Ave,
              Hawthorne, CA
*(description of reasons for liability):*
Plaintiff incorporates the allegations of the first, second and third causes of actions as though fully set forth herein.

Under Civ. Code § 43, plaintiff has the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.

As a proximate result of the conduct by defendants, and each of them, interfering with plaintiff's right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations, Plaintiff has suffered physical injuries.

The above-recited actions of defendants were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Glover v. City of Hawthorne | |

_____ FIFTH _____     **CAUSE OF ACTION—Intentional Tort**     Page ___8___
   (number)

ATTACHMENT TO   [ X ] Complaint    [ ] Cross - Complaint
                        Violation of Civil Rights 1983

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Lionel Glover

     alleges that defendant *(name)*:
     City of Hawthorne, Officer Tayo, Officer Mattson and

               [ X ] Does   1   to    50   

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: March 5, 2013
at *(place)*: Southbound Eucalyptus Ave,
          Hawthorne, CA
*(description of reasons for liability)*:
Plaintiff incorporates the allegations of the first through fourth causes of action, as though fully set forth herein.

This is an action brought under 42 U.S.C. § 1983 to recover damages against defendants, and each of them, for violation of plaintiff's right to be free of unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution as well as Defendant's failure to summon medical care for someone in their custody under Government Code section 845.6.

Defendants, and each of them, was, at all times mentioned in this complaint, acting under color of state law.

Plaintiff alleges that he was subjected to a violation of her right to be free of unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution, as a result of the customs, practices, and policies of Defendants.

Further, while under the care of Defendants, and each of them, Defendant's failed to summon medical care for Plaintiff, even though his hands were noticeably bleeding, while in custody under Government Code section 845.6.

The actions of defendants, and each of them described in this complaint amounted to deliberate indifference to the rights of persons, such as the plaintiff, who were acting lawfully and yet were subjected to the acts and omission stated in this complaint herein.

As a direct and proximate result of the customs, practices, and policies of defendants, and each of them, described in this complaint, plaintiff has suffered injury, loss, and damage, including physical injuries, loss of liberty, emotional distress, pain and suffering.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
        **CAUSE OF ACTION–Intentional Tort**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Glover v. City of Hawthorne | |

## Exemplary Damages Attachment                Page _____9_____

ATTACHMENT TO   [ X ] Complaint   [  ] Cross - Complaint

EX-1. As additional damages against defendant *(name):* Officer Tayo, Officer Mattson and Does 1-50

Plaintiff alleges defendant was guilty of
[ X ] malice
[ X ] fraud
[ X ] oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:
Plaintiff incorporates the allegations of the first, through fifth causes of action as though fully set forth herein.

Further, Defedants, and each of them, while acting in the course and scope of their employment, knew or should have had reason to know that Plaintiff was in need of immediate medical care due to the medical conditions she was experiencing. However, Defendants, and each of them, willfully failed to take reasonable action to summon immediate medical care, which resulted in Plaintiff incurring additional injuries.

EX-3. The amount of exemplary damages sought is
a. [ X ] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [  ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: Glover v. City of Hawthorne | CASE NUMBER: BC535903 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5 [ ] HOURS/ [X] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☒ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., ④ |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Glover v. City of Hawthorne | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

*LexisNexis® Automated California County Forms*

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Glover v. City of Hawthorne | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM  
AND STATEMENT OF LOCATION**

Local Rule 2.0  
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Glover v. City of Hawthorne | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: |
|---|---|
| ☐1. ☐2. ☐3. ☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | Southbound Eucalyptus |

| CITY: | STATE: | Z P CODE: |
|---|---|---|
| Hawthorne | CA | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk Courthouse courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 2/5/14

Michael S Br

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)    **CIVIL CASE COVER SHEET ADDENDUM**    Local Rule 2.0
LASC Approved 03-04         **AND STATEMENT OF LOCATION**        Page 4 of 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael S. Braun, Esq.    (Bar # 152461)<br>Law Office of Michael S. Braun<br>3820 Del Amo Blvd., #311<br>Torrance, CA 90503 | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 11 2014 |

TELEPHONE NO.: (310) 984-3220    FAX NO.:

ATTORNEY FOR (Name): Lionel Glover, Plaintiff

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 North Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles 90012
  BRANCH NAME: Central District- Stanley Mosk Courthouse

CASE NAME:
    Glover v. City of Hawthorne

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC 535 903**<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[X] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse<br>   condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the<br>   above listed provisionally complex case<br>   types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (*not specified above*) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Other judicial review (39) | [ ] Other petition (*not specified above*) (43) |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (*specify*): FIVE (5)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 2-5-14

Michael S. Braun, Esq.
(TYPE OR PRINT NAME)

▶ _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE
### Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

BC 5 3 5 9 0 3

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Keosian | 91 | 635 | | | |
| Hon. Elia Weinbach | 92 | 633 | | | |
| Hon. Samantha P. Jessner | 93 | 631 | | | |
| Hon. Teresa Beaudet | 97 | 630 | | | |

FSC: 07 / 28 / 2015 TRIAL: 08 / 11 / 2015 OSC: 2 / 14 / 2017

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

FEB 1 1 2014

LACIV PI 190 (Rev09/13)
LASC Approved 05-06
For Optical Use

By _____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUL 15 2013**

John A. Clarke, Executive Officer/Clerk

By _E. Regina Colburn_, Deputy
Regina Colburn

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92 and 93) | Case No.:  BC 535903 |
| | AMENDED GENERAL ORDER RE PERSONAL INJURY COURT ("PI Court") PROCEDURES (Effective as of July 10, 2013) |

**DEPARTMENT:**      91       92       93

**FINAL STATUS CONFERENCE ("FSC"):**

- Date: _____ at 10:00 a.m.

**TRIAL:**

- Date: _____ at 8:30 a.m.

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

- Date: _____ at 8:30 a.m.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES ITS March 12, 2013 GENERAL ORDER AND GENERALLY

1

1  ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

2  PERSONAL INJURY ACTIONS:

3         Effective March 18, 2013, the Court responded to systemic budget reductions by

4  centralizing the management of more than 18,000 general jurisdiction personal injury cases

5  in the Stanley Mosk Courthouse.  LASC opened three Personal Injury Courts ("PI Courts")

6  (Departments 91, 92 and 93) to adjudicate all pretrial matters for these cases.  It also

7  established a Master Calendar Court (Department One), to manage the assignment of trials to

8  31 dedicated Trial Courts located countywide.  This Amended General Order lays out the

9  basic procedures for the PI Courts' management of pretrial matters.  The parties will find

10 additional information about the PI Courts on the court's website, *www.lasuperiorcourt.org.*

11 1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil

12 Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

13              "an unlimited civil case described on the Civil Case Cover Sheet Addendum and

14              Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property

15              Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-

16              Uninsured Motorist; Product Liability (other than asbestos or

17              toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other

18              Professional Health Care Malpractice; Premises Liability; Intentional Bodily

19              Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property

20              Damage/Wrongful Death. An action for intentional infliction of emotional

21              distress, defamation, civil rights/discrimination, or malpractice (other than

22              medical malpractice), is not included in this definition. An action for injury to

23              real property is not included in this definition."    Local Rule 2.3(a)(1)(A).

7/12/13

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following

boxes in the Civil Case Cover Sheet Addendum:

      A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful

      Death

      A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured

      Motorist

      A7260 Product Liability (not asbestos or toxic/environmental)

      A7210 Medical Malpractice – Physicians & Surgeons

      A7240 Medical Malpractice – Other Professional Health Care Malpractice

      A7250 Premises Liability (e.g., slip and fall)

      A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,

      assault, vandalism etc.)

      A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes

elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and

three of that form).

2.     The Court sets the above dates in this action in the PI Court circled above

(Department 91, 92 or 93) at the Stanley Mosk Courthouse, 111 North Hill Street, Los

Angeles, CA 90012.  Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

**SERVICE OF SUMMONS AND COMPLAINT**

3.     Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s)

within three years of the date when the complaint is filed. C. C. P. § 583.210, subd. (a).  On

the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all

7/12/13

1   unserved parties unless the plaintiff(s) show cause why the action or the unserved parties

2   should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

3   4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

4   service on defendant(s) of the summons and complaint within six months of filing the

5   complaint.  Upon a showing that the plaintiff(s) failed to effect service within six months, the

6   PI Court will vacate the trial and FSC date noted above.

7

8   **STIPULATIONS TO CONTINUE TRIAL**

9   5.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

10  § 583.310), the parties may advance or continue any trial date in the PI Courts without

11  showing good cause or articulating any reason or justification for the change.  To continue or

12  advance a trial date, the parties (or their counsel of record) should jointly execute and file (in

13  Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial,

14  FSC and Related Motion/Discovery Dates (form available on the court's website, Personal

15  Injury Court link).  The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before

16  the trial date.  Parties seeking to continue the trial and FSC dates shall file the Stipulation at

17  least eight court days before the FSC date.   Parties seeking to advance the trial and FSC

18  dates shall file the Stipulation at least eight court days before the proposed advanced FSC

19  date. Code Civ. Proc., § 595.2;  Govt. Code § 70617, subd. (c)(2).

20  **NO CASE MANAGEMENT CONFERENCES**

21  6.      The PI Courts do not conduct Case Management Conferences.  The parties need not

22  file a Case Management Statement.

23  **LAW AND MOTION**

24  **Chambers Copies Required**

25

26

27

7.     In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts.  The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

8.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System available online at *www.lasuperiorcourt.org* (link on homepage). Parties or counsel who are unable to utilize the online Court Reservation System may reserve a motion hearing date by telephoning the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

9.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**Discovery Motions**

10.    Informal Discovery Conferences ("IDCs").  On a daily basis, the PI Court judges are available to conduct 30-minute, in-person IDCs with lead trial counsel on each side (or another attorney who has full authority to make binding agreements in discovery disputes).

1   The PI Court judges will not make rulings in an IDC.  The purpose of the IDC is to help the

2   parties resolve discovery disputes by agreement rather than by motion practice. To that end,

3   an IDC judge may refer the parties to applicable code sections or other legal authorities.  The

4   IDC judge may also promote compromise by suggesting agreements to narrow the scope of

5   the requests, to provide amended responses that better explain the responding party's

6   compliance, or to use an alternative, more efficient means of discovery.  The PI Court judges

7   find that, in nearly every case, the parties amicably resolve their discovery disputes at, or as a

8   

9   result of, the IDCs.

10  11.    Scheduling IDCs.    Parties should reserve (and, if necessary, promptly cancel)

11  appointments for IDCs via email to *PISMC@lasuperiorcourt.org*.  Parties should schedule an

12  IDC as soon as a discovery dispute arises, and before any party files a discovery motion.  The

13  PI Court judges expect the parties to make every effort to resolve discovery disputes by

14  conferring in person or on the telephone before the PI Court judge invests time in the IDC.

15  Scheduling or participating in an IDC does not extend any deadlines imposed by the Code of

16  Civil Procedure for noticing and filing motions to compel or motions to compel further

17  discovery.  In order to avoid unnecessary *ex parte* applications, the PI Courts recommend

18  that the parties extend deadlines for filing discovery motions and for serving discovery

19  responses pending their participation in the IDC.

20  

21  12.    Motions to Compel Further Responses.  The PI Courts will not hear motions to

22  compel further discovery unless and until (a) the parties participate in an IDC; or (b) the

23  moving party submits evidence, by way of declaration, that the opposing party has failed or

24  refused to participate in an IDC.  To allow time for an IDC at least 16 court days before the

25  motion hearing, parties must reserve a hearing on any motion to compel further discovery at

26  

27

1   10:00 a.m. on a date at least 60 days after the date when the reservation is made.  Parties

2   must reserve an IDC with the same judge who is scheduled to hear any discovery motion

3   involving the same discovery.  Likewise, a party who participates in an IDC regarding certain

4   discovery requests, and then files a motion to compel further responses to the same discovery

5   requests, must calendar the motion for a hearing before the same judge who conducted the

6   IDC.  After participating in an IDC, a moving party may advance the hearing on a motion to

7   compel further discovery to 10:00 a.m. on any available hearing date that complies with the

8   notice requirements of the Code of Civil Procedure.  The PI Courts may consider a party's

9   failure or refusal to participate in an IDC as a factor in deciding whether or not to award

10  sanctions on a motion to compel further discovery.

11  **Ex Parte Applications**

12  13.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting

15  relief *ex parte*." Cal. Rules of Court, Rule 3.1202(c).  With over 6,000 cases in each docket,

16  the three PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time

17  to add hearings to their fully booked motion calendars.  The PI Courts do not regard the

18  Court's unavailability for timely motion hearings as an "immediate danger" or threat of

19  "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte* relief, counsel

20  should reserve the earliest available motion hearing date, and stipulate with all parties to

21  continue the trial to a date thereafter using the Stipulation to Continue Trial, FSC and Related

22  Motion/Discovery Dates (form available on the court's website, PI Court Tab).  Counsel

23

24

25

26

27

1    should also check the Court Reservation System from time to time because earlier hearing

2    dates may become available as cases settle or counsel otherwise take hearings off calendar.

3    **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4    14.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5    Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's

6    "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court"

7    (form available on the Court's website, PI Courts link).    The PI Courts will transfer a matter

8    to an I/C Court if the case is not a "Personal Injury" case as defined in the General Order re

9    General Jurisdiction PI Cases, or if it is "complicated." In determining whether a personal

10    injury case is too "complicated" for the PI Courts to manage, the PI Courts will consider,

11    among other things, whether the case will involve numerous parties, cross-complaints,

12    witnesses (including expert witnesses), and/or pretrial hearings.

13

14    15.    Parties opposing a motion to transfer have five days to file (in Room 102) an

15    Opposition (using the same Motion to Transfer form).

16    16.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

17    Although the parties may stipulate to transfer a case to an Independent Calendar Department,

18    the PI Courts will make an independent determination whether to transfer the case or not.

19    **GENERAL ORDER – FINAL STATUS CONFERENCE**

20    17.    Parties shall comply with the requirements of the PI Courts' "Amended General

21    Order – Final Status Conference," which shall be served with the summons and complaint.

22    **JURY FEES**

23    18.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

24    complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

8                                          7/12/13

**JURY TRIALS**

19.      The PI Courts do not conduct jury trials.  On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns the case out for trial to one of 31 dedicated Trial Courts located in the Stanley Mosk, Chatsworth, Van Nuys, Santa Monica, Torrance, Long Beach, Pomona, and Pasadena courthouses.

**SANCTIONS**

20.      The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)


Dated:  July 15, 2013


Daniel J. Buckley
Supervising Judge, Civil
Los Angeles Superior Court

7/12/13

1

2

3

4

5

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 19 2013

John A. Clarke, Executive Officer/Clerk
By _E. Loma Allen_, Deputy
        Elaina Collura

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7           FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

8

9   In re Personal Injury Cases Assigned to the   )   Case No.: _____
    Personal Injury Courts (Departments 91, 92    )
10  and 93),                                       )   AMENDED GENERAL ORDER - FINAL
                                                   )   STATUS CONFERENCE, PERSONAL
11                                                 )   INJURY ("PI") COURTS (Effective as of July
                                                   )   19, 2013)
12  _____       )

13  The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court

14  HEREBY AMENDS AND SUPERSEDES ITS March 12, 2013 GENERAL ORDER –

15  FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS

16  AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

17      1. PURPOSE OF THE FSC

18          The purpose of the FSC is to verify that the parties/counsel are completely ready to

19

20  proceed with trial continuously and efficiently, from day to day, until verdict.   The PI Courts

21  will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial

22  Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal

23  issues, motions *in limine*, and the authentication and admissibility of exhibits.

24  /

25  /

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A.    TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

    (1) the claims and defenses subject to litigation;

    (2) the major legal issues (with supporting points and authorities);

    (3) the relief claimed and calculation of damages sought; and

    (4)  any other information that may assist the court at trial.

### B.    MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion *in limine* shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.    JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury.  Local Rule 3.25(i)(4).

### D.    JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses).  Local Rule 3.25(i)(5).

The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness.  The parties/counsel shall identify and all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

### E.    LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.

### F.    JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury (placing citations of authority and the identity of the requesting party above the text in compliance with Local Rules 3.170 and 3.171).

### G.    JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides.  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.  Local Rule 3.25(i)(7) and (8).

/

### H.    JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3.  EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

### 4.  TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as  follows:

Tab A: Trial Briefs

Tab B:  Motions *in limine*

Tab C:  Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:  Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5.  FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 19th day of July, 2013

Daniel J. Buckley
Supervising Judge, Civil
Los Angeles Superior Court

Amended General Order FSC - 5

LAW OFFICE OF MICHAEL S. BRAUN
MICHAEL S. BRAUN, ESQ.  (SBN 152461)
3820 Del Amo Boulevard, Suite 311
Torrance, California  90503
Telephone:  (310) 984-3320
Facsimile:  (310) 984-3221


Attorney for Plaintiff,


# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES


| | | |
|---|---|---|
| LIONEL GLOVER | ) | CASE NO:   BC 535903 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **STATEMENT OF DAMAGES** |
| v. | ) | |
| | ) | |
| CITY OF HAWTHORNE, OFFICER | ) | |
| TAYO, OFFICER MATTSON and | ) | |
| DOES1-50, inclusive | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO ALL PARTIES OF INTEREST:

YOU AND EACH OF YOU PLEASE TAKE NOTICE that the amount of damages

sought in the above-entitled action are as follows:

    1.    Special Damages in the amount of $100,000.00 or more.

    2.    General Damages in the amount of $200,000.00 or more.

    3.    Cost of suit.

///

**STATEMENT OF DAMAGES**                    1

4.      Such other and further relief as the Court may deem just and proper.

LAW OFFICE OF MICHAEL S. BRAUN

Dated: March 10, 2014

By: _____
MICHAEL S. BRAUN, Attorney
for Plaintiff, Lionel Glover